United States District Court
Southern District of Texas
**ENTERED**
February 10, 2022
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| JERALDINE BLAND, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-cv-02566 |
| § | |
| AAA COOPER TRANSPORTATION, § | |
| ET AL. § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

Plaintiff Jeraldine Bland filed this lawsuit in Texas state court against AAA Cooper Transportation, Inc. ("AAA Cooper") and John Doe. The Original Petition alleges that an AAA Cooper vehicle, driven by John Doe, collided with Bland's vehicle, causing her substantial injuries and damages.

AAA Cooper timely removed this matter to federal court on the basis of diversity jurisdiction. Bland is a Texas resident. AAA Cooper is an Alabama corporation with its principal place of business in Dothan, Alabama. For removal purposes, the citizenship of defendants sued under fictitious names, such as John Doe, "shall be disregarded." 28 U.S.C. § 1441(a).

Shortly after the case was removed, this Court ordered AAA Cooper to divulge the identity of the vehicle's driver. AAA Cooper did so, and Bland then filed a First Amended Complaint, substituting in the driver, Trevin Cleveland, for John Doe. Cleveland is a Texas citizen.

For whatever reason, Bland did not seek leave to file the amended complaint as required by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 15(a) (requiring Bland to seek leave of court to amend her pleadings 21 days after AAA Cooper filed its answer). This is important because "[t]he failure to obtain leave results

in an amended complaint having no legal effect." *United States ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003).

In accordance with my local procedures, Bland filed a letter asking for a pre-motion conference to file an anticipated Motion to Remand for lack of complete diversity. *See* Dkt. 21. In making that request, Bland assumed that the First Amended Complaint was the live pleading in effect. Because that is not the case, I will construe Bland's pre-motion letter as a request for leave to file the First Amended Complaint. After holding an oral hearing, I gave the parties the opportunity to submit letter briefs further addressing the legal issues involved. Both parties took me up on my offer. *See* Dkts. 23 and 24.

Although the general rule is that leave to amend a complaint shall be readily allowed, a unique situation arises when a plaintiff seeks to amend a complaint by adding a non-diverse party to a case previously removed to federal court. In such a case, the district court's decision on whether to permit the filing of an amended complaint will determine whether the case ultimately proceeds in state or federal court. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder [and retain jurisdiction], or permit joinder and remand the action to the State court."). Because of the importance such an amendment will have on the forum in which the case is litigated, the Fifth Circuit has held that the district court should "scrutinize that amendment more closely than an ordinary amendment" and "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In *Hensgens*, the Fifth Circuit identified four factors a district court must consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other equitable factors. *See id*. *See also Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) ("When a plaintiff seeks to add a non-diverse defendant whose joinder would defeat federal jurisdiction, the district court must consider the *Hensgens* factors.").

All four *Hensgens* factors weigh strongly in favor of allowing Bland to amend her complaint. There is no indication that the purpose of the amendment is to defeat diversity.

In the proposed First Amended Complaint, Bland is simply seeking to substitute a named defendant, Cleveland, for a fictitious defendant, John Doe, who was listed in the original state court petition. By any measure, Bland has not been dilatory in asking for the amendment, as she sought the actual name of the AAA Cooper employee involved in the car accident shortly after this litigation commenced. Then, a couple of days after receiving the employee's name, Bland filed a First Amended Complaint attempting to add Cleveland as a named defendant. The third *Hensgens* factor requires me to consider whether Bland will be prejudiced if she is not allowed to file an amended complaint. This factor also tilts in favor of allowing an amendment because "denial of the amendment would significantly injure [Bland] by forcing her to undergo the delay and expense of trying in two courts what was essentially the same action." *Doleac v. Michalson*, 264 F.3d 470, 474 (5th Cir. 2001). Finally, I am unaware of any equitable factors that militate against allowing amendment.

AAA Cooper argues that allowing Bland to add Cleveland as a defendant is improper because "there is no possibility of recovery against" Cleveland. Dkt. 23 at 1. In AAA Cooper's view, "Cleveland has no independent legal liability since AAA [Cooper] is vicariously liable for his actions that occurred as an employee." *Id*. I completely disagree. As I noted in a closely analogous situation a few years ago:

> The Texas Supreme Court has explored the circumstances in which individual liability may be imposed on a corporation's employee for committing negligent acts in the course and scope of his employment. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Although "a corporate officer or agent can be liable to others . . . for his or her own negligence[,] . . . individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id*. By way of example, the *Leitch* court observed that an employee who causes an automobile accident may be held individually liable along with his employer because the employee "owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer." *Id*.

*Cola v. Dow Chem. Co.*, No. 3:19-CV-00199, 2019 WL 5558247, at *4 (S.D. Tex. Oct. 1, 2019). After thoroughly analyzing the *Hensgens* factors, I conclude that Bland should be granted leave to file the First Amended Complaint. To simplify matters, I deem the previously filed First Amended Complaint (Dkt. 9) properly filed as of today's date.

It is well-settled in the Fifth Circuit that post-removal joinder of a non-diverse defendant destroys diversity for jurisdictional purposes and requires remand. *See Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 477 (5th Cir. 1999). This rule specifically applies to a situation, like the instant matter, where a plaintiff amends a complaint to substitute a non-diverse individual for a fictitious John Doe defendant. *See Doleac*, 264 F.3d at 677 (holding that subsequent identification of a John Doe defendant as non-diverse named defendant requires remand). Now that the First Amended Complaint had been properly filed, this Court has no subject matter jurisdiction. Complete diversity does not exist since Bland, the plaintiff, and Cleveland, one of the defendants, are both Texas citizens. This case must be remanded to state court. The clerk of court shall effect the remand in accordance with the usual procedure.

SIGNED this 10th day of February 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE